Gilman *v.* Gilman.

---

ANNA K. GILMAN & al., *Ex'rs, in Eq.,* versus WINTHROP W. GILMAN.

A plea in abatement, alleging the non-joinder of the complainants' co-executors in a bill in equity, brought against a residuary legatee, avowedly to compel him to make an election under the will, is bad, unless it aver that the persons named as co-executors in the plea have given the bond required by the R. S., c. 64, § 5.*

Election defined.

Where such a bill alleges that the respondent is, by the will, made a residuary legatee and devisee of the estate, and that, by said will, the testator directs that the respondent "have no portion of the estate until he has fairly accounted for and settled the amount charged against him on my (testator's) books, for money advanced by me for him, with interest thereon;" and it then sets forth specifically the items of debit and credit as they appear on the testator's books containing the memorandum — "the balance, if not settled for, to come out or affect his part of my estate, with all the interest;" — *Held,* on demurrer, that the bill is really one of inquiry, only, to ascertain whether a legatee or devisee will or will not accept a legacy or devise, — and not one to compel an election; and is not maintainable.

An executor, though qualified as such by the laws of another State, has no authority by reason of such qualification to act as such in this.

BILL IN EQUITY, brought in the name of two of the five persons named as executors of the last will and testament of the late Nathaniel Gilman.

The respondent pleaded in abatement, "that said complainants, Anna K. Gilman and Charles B. Gilman, are not the only executors named in the said will of the said Nathaniel

---

* See opinion.

Gilman, mentioned in their said bill of complaint, who were duly appointed to said trust, accepted the same and gave bond and entered upon the duties of said trust, as therein alleged, and that the other persons, to wit, Isaac Redington, Edward McLellan and George F. Gilman, were duly appointed and qualified as executors of the said will, and entered upon the duties of said trust, which said last three named executors ought to be made parties to the said complainant's bill," &c.

To this plea the complainants replied, " that the complainants are the only executors named in the will of Nathaniel Gilman, deceased, who have been duly appointed to said trust by the laws of this State, and accepted the same, and given bond and entered on the duties thereof, without this, that one Isaac Redington, Edward McLellan and George F. Gilman were never appointed to said trust, accepted the same, gave bond or entered on the duties thereof, according to the laws of this State."

The respondent rejoined, " that the said Isaac Redington, Edward McLellan and George F. Gilman, named as the executors in the said will of the said Nathaniel Gilman, deceased, were duly qualified as executors of the said will, in the State of New York, under the laws of said State of New York, where said will was duly proved, and entered upon the duties of said trust, and are now living and in the performance of the duties of said trust."

The respondent also demurred to the bill, and the complainants joined.

The material allegations of the bill appear in the opinion.

*J. Baker*, for the complainants.

Election is the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims in cases where there is a clear intention of the person from whom he derives one, that he should not enjoy both. 2 Story on Eq., § 1075. See illustration, *Ibid*, § 1076. Case at bar is an alternative legacy, both beneficial to the lega-

tee. The mere fact that it is alternative creates the necessity of an election. Both, or only one, may be beneficial to the legatee. *Ward* v. *Ward*, 15 Pick., 511,—523. *Ward* v. *Ward* is the same in principle as case at bar. The principle that pervades all the cases is, that where an alternative is presented, and it is manifestly the intention of the testator that but one should be enjoyed, an election must be made by the beneficiary; and, if he does not elect within a reasonable time, equity will compel him.

"If any person shall take any beneficial interest under a will, he shall be held thereby to confirm and ratify every other part of the will." *Hyde* v. *Baldwin*, 17 Pick., 303, 308. "A man shall not take any beneficial interest under a will, and at the same time set up any right or claim of his own * * * which shall defeat, or in any way prevent the full effect and operation of every part of the will." *Ibid.* The testator provides that the respondent shall be entitled to a residuary share of his estate; but shall have no such share "until he has fairly accounted for and settled the amount charged against him on my books," &c. It was the intention of testator that the amount due from respondent should go into the estate and constitute a part of the fund to be distributed to all the heirs under the residuary clause, before the respondent should be entitled to any share. This balance, owed by the respondent to the estate, is a debt which the testator has actually disposed of by his will, and given it to the residuaries. Withholding the debt, and taking his share, defeat the purposes of the will. If he declines to pay his indebtedness, his tenth of the *residuum* is made a compensation to the remaining beneficiaries for the loss of this debt. They will receive one-ninth instead of one-tenth.

The case also comes within the rule laid down by Sir WM. GRANT as quoted in 2 Redfield on Wills, 741. For if the respondent declines to pay his indebtedness, it will deprive the other beneficiaries "under the will of the benefit to which they would be entitled, if the first legatee permit-

ted the whole will to operate." This debt was long since outlawed. See dates in bill. It could not have been enforced by the testator when he made his will, in 1858, nor by the respondents since his death. Thus this amount, by the statute of limitations, had ceased to be the property of the testator, and became the indefeasible property of the respondent. It is a right in the respondent. A right to withhold the $10,000 debt, which he can maintain independent of the will.

The Court has the power. 2 Story on Eq., §§ 1076, 1080 and 1081.

*Bradbury & Sweat*, for the respondent.

APPLETON, C. J.—It was determined, in *Gilman* v. *Gilman*, 52 Maine, 165, that the domicil of Nathaniel Gilman, at the time of his death, was in this State, and that his will should be admitted to probate here.

These complainants were named with others as executors in the will of said Gilman, and have given the bonds required by the statutes of this State, and have taken upon themselves the trust to which they were appointed.

The defendant has pleaded in abatement the non-joinder of certain persons, named in the will as executors, who have never given bonds as required by our statutes, but have qualified as executors according to the laws of New York, and have there entered upon the duties of their trust.

An executor, though qualified as such by the laws of another State, has no authority to act in this. By R. S. 1857, c. 64, § 5, "every executor before entering on the execution of his trust shall give bond, with sufficient sureties resident in this State, in such sums as the Judge of Probate orders, payable to him or his successors," with certain conditions specified in the same section. By § 7, "when two or more persons are named executors in any will, none shall act as such or intermeddle except those who give bonds as aforesaid."

As the plea does not allege that the persons named there-

Gilman *v.* Gilman.

in as co-executors have given the bonds required by the statute of this State, they could not, according to its express provisions, be parties to the bill. The plea in abatement must be adjudged bad.

The bill alleges that the complainants are executors of the last will and testament of Nathaniel Gilman, late of Waterville, deceased, that they were duly appointed to said trust, gave the bond required by law and entered upon the duties of their trust; that, by said will, the defendant is made a residuary legatee and devisee of said estate; that, by the 19th section of said will, the testator directs "that Winthrop W. Gilman have no portion of my estate until he has fairly accounted for and settled the amount charged against him in my books, for money advanced by me for him, with interest thereon."

The bill then sets forth the debits and credits as they appear on the books of the testator. The account is thus headed, — "Winthrop Watson Gilman debtor to Nathaniel Gilman to the following sums, if not settled for and paid before my death, to be taken from his part of my estate, with interest."

The items charged then follow.

The credits are preceded by the following clause : —

"Winthrop Watson Gilman is to be credited and allowed of the above demand the following sums."

After specifying the items of credit, the account has this memorandum : —

"Waterville, Oct. 3, 1844. — These credits, and all others that are clearly just, are to be subtracted from the amount of moneys advanced and debts due me. The balance, if not settled for, to come out or affect his part of my estate, with all the interest.

"Watson has probably paid me about six or seven thousand dollars, and does now owe me, after deducting his payments and casting interest to this date, about ten thousand dollars. Oct. 3, 1844. "Nath. Gilman."

The bill alleges that the complainants have repeatedly called on the defendant fairly to account for and settle these charges, but that he has neglected and refused so to do; that they cannot administer upon and settle the estate, and make distribution, until the defendant makes his election whether to fairly account for and settle said charges or forfeit his residuary share in the estate.

The prayer of the bill is, that the defendant answer upon oath, and that the Court decree that he shall fairly account for and settle said charges or forfeit his share.

To this bill the defendant demurs, and th e question arises whether, upon the facts set forth in the bill and admitted by the demurrer, the bill can be maintained.

" The definition of what is meant by election under a will may be thus stated, — that every person whom the instrument proposes, in any particular, to benefit, must elect whether he will claim under the will or against its provisions. This implies, of course, that the person thus put to an election, has some rights in regard to the same subject, which he could maintain independent of the will." 2 Redfield on Wills, 737. " Where the testator ass umes to dispose of any estate or interest, which belongs to any devisee or legatee under the will, such devisee or legatee must elect to take under the will or against it." Ib., 740. Sir WILLIAM GRANT defines election thus, — " When one legatee under a will insists upon something by which he would deprive another legatee, under the same will, of the benefit to which he would be entitled, if the first legatee perm itted the whole will to operate." Ib., 741.

" Election * * is the obligation imposed up on a party to choose between two inconsistent or alternative rights or claims, in cases where there is clear intention of the person from whom he derives one, that he should not enjoy both. Every case of election, therefore, presupposes a plurality of gifts or rights, with an intention, express or implied, of the party who has a right to control one or both, that one should be a substitute for the other. The party who is to

take, has a choice; but he cannot enjoy the benefits of both." 2 Story's Eq., § 1075. "It seems clear, to constitute a case of election, there must be an actual disposition of the property belonging to the person who is to be put to his election." 2 Redfield on Wills, 744.

The authorities cited by the counsel of the complainant and of the respondent, are alike adverse to the maintenance of this bill. The respondent has no claims against the provisions of the will and no rights independent of the will, so that he should be called upon to determine whether "he will claim under the will or against its provisions." The testator disposes of no estate belonging to any devisee or legatee under the will. The defendant has no inconsistent or alternative rights or claims between which to choose. There is no disposition of any property of his, to which he must assent before he can be allowed to claim under the will. 2 Spence's Equitable Jurisdiction, 585.

The will is not before us, but, from its contents as stated in the bill, this would seem to be the common case of a bequest to a son, owing the estate, of his share subject to the deduction of such indebtedness. The books of the testator are referred to in the will, and the amount due, as appears, is to be deducted from the defendant's share, — and such further sums as "are clearly just." "The balance, if not settled for, to come out or affect his part of my estate." If the defendant neglects to settle, then the defendant would be entitled to his share, after the specified sums are "taken from his part of my (the testator's) estate."

It would hardly seem that the testator intended a forfeiture in any event, so far as we can judge from what is set forth in the bill. If, however, on examination of the whole will, the construction should be that the legacy is on condition, it would be for the defendant to see that the condition on his part is performed. In case of non-performance the peril and the risk are his.

The bill really is one of inquiry to ascertain whether a legatee or devisee will or will not accept a legacy or devise;

not to compel an election between conflicting and contradictory rights, where the defendant is not entitled to both.   If the bill should be maintained, it is not easy to perceive how these complainants could better proceed with the administration of the estate.   If the defendant should elect to settle, they would have no greater power to effect a settlement than they now have.   If he should decline any further settlement, the account as stated on the books of the testator must control.   It is for the respondent to establish additional credits, if any there be, to which he is justly entitled.

If this bill can be sustained, it is not readily perceived why it cannot be brought in every case against a devisee or legatee, to ascertain whether he will accept his devise or legacy or not, which would be absurd.   Either imports a bounty and the acceptance is to be presumed.

*Bill dismissed with costs.*

CUTTING, WALTON, DICKERSON, BARROWS and TAPLEY, JJ., concurred.