## MILLER v. ARENZ.

(193 Pac. 439; 206 Pac. 299.)

**Appeal and Error—Time for Filing Undertaking cannot be Extended by Court.**

1. Under Section 550, subdivision 2, L. O. L., providing that undertaking must be filed within ten days after notice of appeal, trial court has no power to extend before default time for filing undertaking, though subdivision 4 provides that in certain cases default in filing may be excused.

**Appeal and Error—Failure to File Undertaking Within Ten Days After Notice of Appeal Excused by Court.**

2. Where appellant mistakenly thought the court could extend the time for filing undertaking on appeal, required by Section 550, subdivision 2, L. O. L., to be filed within ten days after notice of appeal, and did not file such undertaking until after the ten days, the Supreme Court by virtue of subdivision 4 would relieve appel-

lant of the default; the statute being for the first time construed in this respect.

## ON THE MERITS.

**Bankruptcy—Trustee in Bankruptcy After Discharge Entitled to Proceeds of Note not Scheduled.**

3. Where a note was made to an officer of a corporation for money due it, and the officer, in anticipation of voluntary bankruptcy of the corporation, did not include the note in its schedule of assets, but destroyed it and permitted the matter to remain without any written evidence of the indebtedness until after the corporation had been discharged in bankruptcy when a new note for the debt was made to the officer, the note was an asset of the corporation, and the trustee in bankruptcy was entitled to the proceeds thereof.

**Appeal and Error — One Having No Right to the Proceeds of a Note cannot Complain of Allowance of Attorney's Fee.**

4. On a complaint in the nature of a bill of interpleader, where an officer of a bankrupt corporation claimed the proceeds of a note given to him personally, and the court held that the note was an asset of the corporation, he could not complain of an attorney's fee allowed out of the same.

From Multnomah: ROBERT TUCKER, Judge.

In Banc.

Motion to dismiss appeal.        DENIED.

*Messrs. Johnston, Gay & Hodges,* for the motion.

*Messrs. Cake & Cake* and *Mr. L. A. Liljeqvist, contra.*

*Mr. Gus C. Moser,* for respondents Miller and Bauer.

McBRIDE, C. J.—This is a motion to dismiss an appeal. A decree was rendered against defendant Jacob Arenz on August 3, 1920, and on August 26th he served and filed a notice of appeal therefrom. On September 3, 1920, he applied to the Circuit Court for an extension of thirty days from the date of the

103 Or.—38

order, within which to prepare, serve, and file an undertaking on appeal, which was finally filed on September 27, 1920. The plaintiff moves to dismiss the appeal for the reason that the undertaking was not filed within ten days from the filing of the notice of appeal.

Subdivision 2 of Section 550, Or. L., provides:

"Within ten days from the giving of notice or service of notice of the appeal, the appellant shall cause to be served on the adverse party or his attorney an undertaking as hereinafter provided, and within said ten days shall file the original of said undertaking, with proof of service indorsed thereon, with said clerk. Within five days after the service of said undertaking, the adverse party or his attorney shall except to the sufficiency of the sureties in the undertaking, or he shall be deemed to have waived his right thereto."

Subdivision 4 of the same section is as follows:

"From the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof if excepted to, the appeal shall be deemed perfected. When a party in good faith gives due notice as hereinabove provided of an appeal from a judgment, order, or decree, and thereafter omits, through mistake, to do any other act (including the filing of an undertaking as provided in this section) necessary to perfect the appeal or to stay proceedings, the court or judge thereof, or the appellate court, may permit an amendment or performance of such act on such terms as may be just."

We have frequently held that subdivision 2 of Section 550 is mandatory, and that failure to comply therewith is fatal to the appeal unless excused by the court. Where the delay has been shown to have been the result of a mistake either of law or fact, such omissions have usually been excused. Where the ap-

peal has been otherwise prosecuted in good faith, the disposition of this court has been to allow the undertaking to be filed, as it is by no means our policy to dismiss appeals for merely technical reasons. In the present case the appellant, within ten days after seasonable service and filing of his notice of appeal, applied to the court for an extension of time within which to file an undertaking, thereupon the court granted such extension, and within the time prescribed in such order an undertaking, unexceptionable in form and not excepted to in substance, was filed and the appeal otherwise perfected.

Subdivision 2, Section 550, Or. L., quoted above, if it stood alone, would be mandatory and conclusive against defendant's right of appeal, but the effect of subdivision 4 is to take away its mandatory and jurisdictional character, and to retain in the court jurisdiction of the appeal, provided the party appealing complies later. with some requirement omitted by mistake. In order to take advantage of the exception therein contained there must have existed at the time of the application a mistake in not filing the undertaking in time, and the statutory time must have elapsed. Such was not the condition when the application for further time was made. The mistake that the appellant made was in supposing that the court could extend the time for filing the undertaking, in advance of any default. The law does not permit an indiscriminate extension of time to file an undertaking, but, in its solicitude for the privilege of every litigant to have his case heard upon appeal, it allows him to correct such error as may arise from forgetfulness or even misconception of the procedure necessary to preserve his legal rights, if it appears that he has in good faith served and filed his notice of

appeal, and attempted in like good faith to comply with the requirements of the statute as he understood them.

1, 2. We are of the opinion that the court was without authority to extend the time, at the date such extension was made, but from an examination of the record we are clearly of the opinion that the failure to file the undertaking was the result of an erroneous view that the time might be extended, this being borne out by the fact that within the time as extended the defendant in fact filed an undertaking apparently sufficient. It is also to be noted that this is the first time this precise question has been raised here; that in fact the practice of granting extensions under like circumstances has been, if not common, at least not altogether unusual; and that there are cases now pending where a like mistake has been made. Under these circumstances we are inclined to excuse the mistake, as we are authorized to do by virtue of the provisions of subdivision 4, of Section 550, Or. L. Appellant offers to file now the undertaking required by law. He will be permitted within ten days to serve such undertaking and file it here, and the plaintiff will be allowed five days thereafter to except to the sufficiency of the surety. In default of the service and filing of such undertaking within the time prescribed, the appeal will be dismissed.

It may be added that, having now declared the law, thereby removing any misconception which may have existed in the minds of members of the bar as to its proper interpretation, we shall not be inclined to view defaults of like character, arising in appeals hereafter taken, with any great degree of leniency.

Motion to Dismiss Denied.

Affirmed April 18, 1922.
ON THE MERITS.
(206 Pac. 299.)

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Cake & Cake,* with an oral argument by *Mr. L. A. Liljeqvist.*

For respondent H. F. Bushong there was a brief over the name of *Messrs. Johnstone, Gay & Hodges,* with oral arguments by *Mr. Hamilton Johnstone* and *Mr. C. M. Hodges.*

For respondents J. A. Miller and E. H. Bauer there was a brief over the names of *Mr. Gus C. Moser* and *Mr. Roy K. Terry.*

McCOURT, J.—The defendant Jacob Arenz and the defendant H. F. Bushong, as trustee in bankruptcy of the Arenz Construction Company, claimed the same debt from plaintiffs; the latter filed a complaint in the nature of a bill of interpleader herein, and paid the amount of the debt into court. The Circuit Court entered a decree in favor of defendant Bushong, and defendant Jacob Arenz appeals from that decree. No disputed question of law is presented by the appeal.

Defendant Jacob Arenz was named as payee in a non-negotiable note given by plaintiffs for $6,000, dated October 23, 1918, and due May 1, 1919. The note provided for interest at the rate of 8 per cent per annum from May 1, 1918; $270 had been credited upon the principal of the note.

Defendant H. F. Bushong, as trustee in bankruptcy of the Arenz Construction Company, a corporation which had been adjudged a bankrupt, claimed that the note above mentioned, and the debt evidenced thereby, was an asset of the bankrupt estate represented by said trustee. Both defendant Jacob Arenz and the trustee in bankruptcy asserted the right to collect the note. Defendant Jacob Arenz instituted an action against plaintiffs to enforce payment thereof, whereupon plaintiffs commenced this suit, praying that proceedings in the aforesaid action be enjoined, and that Jacob Arenz and the trustee in bankruptcy each be required to interplead concerning their respective claims to the sum of $6,420.15, the amount of said note, which sum plaintiffs deposited with the clerk of the court, for the benefit of the party entitled thereto. In response to plaintiff's bill of interpleader, the parties, by appropriate pleadings, framed issues and set forth their respective claims to the moneys so deposited; upon the issues thus made, a trial and hearing was had.

After hearing the evidence, the court found in substance that the Arenz Construction Company was a corporation engaged in the business of general contracting; that Jacob Arenz was the president of the corporation, and his son Theodore Arenz, the treasurer and manager thereof, and another son, George C. Arenz, was secretary of the corporation; that Theodore Arenz was authorized by a resolution of the board of directors to do everything pertaining to the general business of the corporation, and that he did it; that on July 25, 1917, plaintiffs entered into a contract with the City of Astoria for the improvement of Exchange Street therein; that prior to the consummation of said contract, the Arenz Construction

Company submitted offers as to the amount for which
the corporation would perform a certain portion of
the work necessary to make such improvement; that
after plaintiffs obtained said contract, they offered to
sublet a portion thereof to the Arenz Construction
Company upon the terms and for the price previously.
submitted by it; that the Arenz Construction Com-
pany proposed to plaintiffs that they sublet said work
to one E. A. Gerding at a lower price than the Arenz
Construction Company had bid, and that the differ-
ence, amounting to between seven and eight thousand
dollars, be paid to the said Arenz Construction Com-
pany upon the completion of said work, thereby per-
mitting the Arenz Construction Company to make a
profit in that amount, without any outlay of time or
money; that said proposals were accepted by plain-
tiffs, and in pursuance thereof and while the work
was in progress and before it was completed, at the
request of Theodore Arenz, treasurer and manager
of the Arenz Construction Company, plaintiffs, in
evidence of their obligation thus incurred, executed
and delivered to said Theodore Arenz one or more
promissory notes for the sum of $6,000, payable
about May 1, 1918, in which Jacob Arenz was named
as payee; that on July 30, 1918, the Arenz Construc-
tion Company filed its voluntary petition in and was
duly adjudged a bankrupt by the District Court of the
United States for the District of Oregon; that the
Arenz Construction Company did not include in its
schedule of assets in bankruptcy the debt or obliga-
tion evidenced by the aforesaid note or notes given
by plaintiffs to Jacob Arenz; that in November, 1917,
the Arenz Construction Company was insolvent, and
the said Theodore Arenz, in anticipation of the bank-
ruptcy of the corporation, destroyed the note or notes

which had been given by plaintiffs to Jacob Arenz, and the matter was permitted to remain without any written evidence of the indebtedness until after the Arenz Construction Company obtained an order of discharge in bankruptcy on October 23, 1918; on that date, at the request of Theodore Arenz, plaintiffs executed and delivered to Jacob Arenz the note in question in this suit; that the said debt or obligation evidenced by the promissory note which is the subject of this suit and which was evidenced by the note or notes destroyed by Theodore Arenz, was an asset of the Arenz Construction Company, and should have been listed as an asset in its petition and schedules in voluntary bankruptcy, and the destruction of the original note or notes and the failure to list the debt or obligation in its schedules and petition in bankruptcy was done to conceal said asset and to hinder, delay and defraud the creditors of the Arenz Construction Company.

3. Based upon its findings, the court entered a decree declaring defendant H. F. Bushong, trustee in bankruptcy, entitled to the fund of $6,420.15, paid into court by the plaintiffs, and directed that the same be paid to him after the payment of plaintiffs' costs and disbursements of the proceeding, and also $350 allowed plaintiffs as an attorney's fee.

While much evidence, oral and written, was submitted upon trial, it admits of no conclusions other than those reached by the trial court, and no purpose would be served by reviewing that evidence here.

4. Defendant Jacob Arenz assigns as error the provisions of the decree allowing plaintiffs an attorney's fee out of the fund deposited in court. The Circuit Court correctly decided that defendant Arenz had no interest in that fund, therefore he is not in a position

to complain of the allowance of an attorney's fee to plaintiffs out of the same.

The decree of the Circuit Court is affirmed.

AFFIRMED.

HARRIS, BEAN and BROWN, JJ., concur.