Argued July 14, affirmed September 8, 1914.

## WYCOFF *v.* SNAPP.*

(143 Pac. 902.)

**Homestead—Exemption—Inheritance.**

1. Under Sections 221, 226, L. O. L., exempting the homestead from judicial sale, and providing that it shall be exempt after the death of the person entitled thereto from sale for the collection of any debts for which it could not have been sold during his lifetime, but such homestead shall descend as if "death" did not exist, is to be construed as if the word "exempt" appeared in place of the word "death," and the property descends to the heirs subject to the widow's right of dower, exempt from execution for the previous debts of the deceased.

[As to right to make a testamentary disposition of a homestead, see note in Ann. Cas. 1914B, 271.]

**Homestead—Rights of Surviving Spouse—Nature of Estate—"Property."**

2. Under Sections 221, 226, L. O. L., exempting the homestead from sale after the death of the person entitled thereto for his debts, and Section 1234, authorizing the setting aside for the widow or minor children of deceased all the property of the estate exempt from execution, and declaring that the property thus set apart, if there be a widow, is "her property," she takes a fee-simple estate in such property capable of alienation as well as of personal enjoyment.

[As to suits by wives for and concerning homesteads, see note in 76 Am. Dec. 442.]

From Lane : LAWRENCE T. HARRIS, Judge.

Department 2. Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit by Jesse P. Wycoff, Chester A. Wycoff, Etha May Baier, and Chauncey Wycoff and Archie

---

*Upon the right of a widow to convey, lease or encumber homestead during minority of children, see note in 10 L. R. A. (N. S.) 787.

Wycoff, minors, by W. J. Yale, their guardian *ad litem,* and Nellie Price, Flora Yale, Adrian Wycoff and Lester Wycoff, against Emma B. Snapp and L. P. Snapp, her husband, and H. A. Cook.

The circumstances out of which this suit arose are as follows: James W. Wycoff died in 1905, leaving a widow, Emma B. Wycoff, now Emma B. Snapp, and five children, who are the plaintiffs in this suit. At the time of his death the decedent and his family were residing upon the land in dispute as a homestead, and the family continued so residing until February 28, 1908, when the County Court set apart the land to the widow, in accordance with Section 1234, L. O. L., for the use of herself and these plaintiffs. Subsequently, the widow married L. P. Snapp, and thereafter sold the premises to defendant Cook. It is charged that she has failed to use the land or the proceeds for the support of the children, but has wasted and dissipated the money received therefor; and the prayer of the complaint is that the deed to Cook be declared void and canceled. The sections of the statute bearing upon this subject are Sections 221, 226, 1234, L. O. L., which are as follows:

"The homestead of any family shall be exempt from judicial sale for the satisfaction of any judgment hereafter obtained. Such homestead must be the actual abode of, and owned by such family or some member thereof. * * The homestead aforesaid shall be exempt from sale on any judicial process after the death of the person entitled thereto for the collection of any debts for which the same could not have been sold during his lifetime, but such homestead shall descend as if death did not exist. * * Upon the filing of the inventory, the court or judge thereof shall make an order, setting apart, for the widow or minor children of the deceased, if any, all the property of the estate by law exempt

from execution. The property thus set apart, if there be a widow, is her property, to be used or expended by her in the maintenance of herself and minor children, if any; or if there be no widow, it is the property of the minor child; or if more than one, of the minor children in equal shares, to be used or expended in the nurture and education of such child or children, by the guardian thereof, as the law directs."   Affirmed.

For appellants there was a brief over the names of *Mr. H. E. Slattery* and *Mr. W. G. Martin,* with an oral argument by *Mr. Slattery.*

For respondents there was a brief over the name of *Messrs. Thompson & Hardy,* with an oral argument by *Mr. Helmus W. Thompson.*

Opinion by Mr. Chief Justice McBride.

1. We are again called upon to construe the homestead exemption act, which may truthfully be said to be one of the best intended and worst drawn laws upon the statute books. In *Mansfield* v. *Hill,* 56 Or. 400 (107 Pac. 471, 108 Pac. 1007), we had occasion to construe the words "such homestead shall descend as if death did not exist," which are meaningless in themselves, and, after much consideration, were of the opinion that by some oversight or clerical error the word "death" had crept into the act in place of "exemption," and construed the act as if the sentence read "such homestead shall descend as if such exemption did not exist." The effect of this construction, to which we still adhere, is that the property descends to the heirs subject to the widow's right of dower, and is exempt from execution for previous debts of the deceased.

2. The property being thus exempt from execution, it was competent for the County Court to set it apart

to the widow for the support of herself and the minor children, as provided in Section 1234, L. O. L. As this section provides that the property so set apart to the widow "is her property," it follows naturally that she takes a fee-simple estate therein capable of alienation as well as of possession and enjoyment: 6 Words and Phrases, 5698. The statute is a peculiar one, and we derive no assistance from the decision of the courts of other states made upon dissimilar enactments. It is evidently framed upon the idea that maternal affection will be a sufficient incentive to the widow to induce her to apply the proceeds to the use of her children as well as of herself. Whether an action would lie against her for failing to do so need not here be considered.

The decree of the Circuit Court is affirmed.

AFFIRMED.

MR. JUSTICE EAKIN, MR. JUSTICE BEAN and MR. JUSTICE McNARY concur.