Argued February 25, affirmed April 6, 1920.

## IN RE FRIZZELL'S ESTATE.*

### (188 Pac. 707.)

#### Homestead—Husband cannot Devise Away from Wife.

1. Under Section 1234, L. O. L. requiring court to set apart to widow and minor children the exempt property to be the property of the widow or minors, and Section 221, exempting the homestead, a widow gets the homestead in fee, and the husband cannot devise it to another, notwithstanding the provision of Section 226 that the homestead shall descend as if the exemption did not exist, which as a general statute must yield to the special, and therefore applies only where there is neither widow nor minor child.

#### Executors and Administrators—Statute for Benefit of Widow and Minors Liberally Construed.

2. Section 1234, L. O. L., authorizing the court to set aside to the widow and minors the exempt property as their property, was intended to protect the widow and child from want and from the acts of a possible improvident husband or father, and should be liberally construed in their interest.

#### Homestead—Statutes—Statute Entitling Widow to Exempt Property Applies to Homestead Thereafter Exempted.

3. Section 1234, L. O. L., authorizing the court to set aside to the widow and minor children the exempt property, applies to the homestead, though that was not exempted until after the original enactment of the statute, since the rule that an amendment to a statute adopted by a later act is not carried in the later act is limited to the adoption of a specific provision, not to the adoption of general laws.

#### Homestead—Homestead can be Set Aside to Widow Without Citation to Devisee.

4. The probate court can set aside the homestead property to a widow or minor child without citation to one to whom the decedent attempted to devise it, since the proceeding is in rem, binding on interested parties without personal notice.

#### Executors and Administrators—Separate Property of Widow to be Considered in Fixing Her Allowance.

5. In fixing the allowance to a widow from her husband's estate for support of herself and her minor child, her separate property, as well as the property of the estate, can be considered, and an allowance sufficient, with the income from her property, to support her in her accustomed state, is sufficient.

From Marion: GEORGE G. BINGHAM, Judge.

*Authorities discussing the question of rights of widow under homestead and exemption laws are collated in notes in 4 L. R. A. (N. S.) 391; L. R. A. 1917C, 365.    REPORTER.

Department 2.

This is a proceeding by the widow, on behalf of herself and a minor child, to have the exempt homestead, consisting of a house and lot in the City of Salem, set aside to her as her own individual property, and to have an allowance set aside to her in addition, to the amount of $100 a month for the first year after the death of her husband.

J. P. Frizzell, the husband of the petitioner, died on the fourth day of March, 1917, leaving an estate valued at about $16,500. This estate included Lot 8, Block 85, of the City of Salem, which is the property principally involved in this suit, and which was the residence of the family at the time of his death. There was also a small amount of furniture, fixtures, etc., in the house, appraised at about $450. There was also belonging to the estate 92 shares of capital stock of a cemetery association, valued at about $4,600, and the balance of the estate was in cash and notes.

Mr. Frizzell and the petitioner, his widow, also owned together, a half interest in Lot 26, Block 7, Edes' Addition to Salem, which they seem to have held by the entirety, and which therefore became the property of the petitioner upon his death. This property seems to have been worth approximately $2,000, and upon it there was a dwelling-house which has been rented at $18 per month. The house and lot claimed as a homestead is valued at about $5,000.

The deceased left a will in which he bequeathed a life interest in the homestead property to his wife, the petitioner herein, and the reversion, after her death, was bequeathed to Marvin Headrick, a grandchild. The stock in the cemetery association was bequeathed to Eithel F. Headrick and Edith F. Reynolds, daughters

by a previous marriage. The remainder of the estate was bequeathed to the petitioner herein.

The petitioner has renounced her claim under the will and elected to ask for her statutory exemption ard allowance. She filed her petition in the County Court, asking that the homestead lot be set aside as exempt property, and also the furniture, etc., in the house, and that she be allowed the sum of $100 per month for her support and maintenance during the first year. This is opposed by the legatees under the will, and by Lawrence A. McNary, as executor of the estate.

The County Court set aside the house and lot and the furniture to the widow, as her property, and also allowed her the sum of $100 per month during the first year, as prayed for by the petitioner.

From this decision there was an appeal to the Circuit Court for Marion County, in which court the decision of the County Court was affirmed, except as to the allowance, which was reduced to $50 per month. From this decree Marvin Headrick, the grandchild, appeals to this court, and the executor of the estate also appeals from that part of the decree allowing the $50 per month. The petitioner filed a cross-appeal from that part of the decree reducing her allowance.

AFFIRMED.

For appellants, Marvin Headrick, minor, by Eithel F. Headrick, guardian, and Lawrence A. McNary, as executor of the estate, there was a brief over the names of *Mr. John W. Reynolds* and *Mr. Isaac H. Van Winkle,* with an oral argument by *Mr. Reynolds.*

For cross-appellant, Alice B. Frizzell, there was a brief and an oral argument by *Mr. Walter C. Winslow.*

BENNETT, J.—The most important question in the case is whether or not the right of a widow to the exempt homestead of her deceased husband is superior to that of a devisee under his will, so that she can have such homestead set apart absolutely to her, notwithstanding the will.

1. It is claimed by the appellant that the exempt homestead may be devised away by the husband in his will, and that if it is not disposed of by will, it will descend to the heirs, and cannot be set aside in fee to the widow and children under Section 1234, L. O. L.

That section provides:

"Upon the filing of the inventory, the court or judge thereof shall make an order, setting apart, for the widow or minor children of the deceased; if any, all the property of the estate by law exempt from execution. The property thus set apart, if there be a widow, *is her property,* to be used or expended by her in the maintenance of herself and minor children, if any; or if there be no widow, it is the property of the minor child; or if more than one, of the minor children in equal shares, to be used or expended in the nurture and education of such child or children, by the guardian thereof, as the law directs."

Section 221 of the Code (L. O. L.), provides:

"The homestead of any family shall be exempt from judicial sale for the satisfaction of any judgment here after obtained. Such homestead must be the actual abode of, and owned by such family or some member thereof."

Section 226 is as follows:

"The homestead aforesaid shall be exempt from sale on any judicial process after the death of the person entitled thereto for the collection of any debts for which the same could not have been sold during his lifetime, but such homestead shall descend as if death did not exist."

There is an apparent contradiction between Section 226, which provides that the homestead shall descend as if death (exemption) "did not exist," and Section 1234, which provides "that all the property exempt from execution" shall be set apart to the widow, and "the property thus set apart is her property, to be used or expended by her in the maintenance of herself and minor children"; and if these sections are construed literally the conflict becomes absolute and irreconcilable.

In *Mansfield* v. *Hill*, 56 Or. 400 (107 Pac. 471, 108 Pac. 1007), the question as to the construction of Section 1234 was not really presented. In that case the widow had obtained a divorce from the deceased prior to his death, and was decreed the custody of the minor children, and was living separate and apart from him with said children; so that the property in dispute was not the "homestead of any family" at the time of the decease of the ex-husband. Notwithstanding these facts, however, the divorced wife claimed for herself and for the children, that the property in question was a homestead and was not subject to conveyance or devise by the deceased. Under these conditions the court, speaking of the statute of exemption, said:

"This law is only a statute of exemption, and contains no other elements. It does not create a homestead in which the wife or children have any right or title other than the right of owner thereof, or the wife, husband, agent, or attorney of such owner, to claim it exempt from attachment, levy, or sale on execution, and this right to claim such exemption continues after the death of the owner."

And again,—

"Therefore it is subject to devise or conveyance by the owner, or descends to the heirs under the statute."

In this opinion there is no reference whatever to Section 1234.

In *Wycoff* v. *Snapp,* 72 Or. 234 (143 Pac. 902), the question was again before the court under somewhat different conditions.

In that case, Wycoff had died leaving a wife and five minor children. After his death the homestead was set aside to the widow. Afterwards the widow was married again, and finally sold and deeded the property to one Cook. An action was brought by the minor children, through their guardian, to have the deed set aside, claiming the widow had no right to sell the property, and that she had wasted and dissipated the money received therefrom. The court, after quoting the section of the Code to which we have already alluded, said:

"We are again called upon to construe the homestead exemption act, which may truthfully be said to be one of the best intended and worst drawn laws upon the statute books. In *Mansfield* v. *Hill,* 56 Or. 400 (107 Pac. 471, 108 Pac. 1007), we had occasion to construe the words 'such homestead shall descend as if death did not exist,' which are meaningless in themselves, and, after much consideration, were of the opinion that by some oversight or clerical error the word 'death' had crept into the act in place of 'exemption,' and construed the act as if the sentence read 'such homestead shall descend as if such exemption did not exist.' The effect of this construction, to which we still adhere, is that the property descends to the heirs subject to the widow's right of dower, and is exempt from execution for previous debts of the deceased.

"The property being thus exempt from exemption, it was competent for the County Court to set it apart to the widow for the support of herself and the minor children, as provided in Section 1234, L. O. L. As this section provides that the property so set apart to the widow 'is her property,' it follows naturally that

she takes a fee simple estate therein capable of alienation as well as of possession and enjoyment.''

In that case, it is true, there was no will, and the property had not been devised; but, nevertheless, the question as to whether or not the legal title to the property could be and had been properly set aside to the widow, was squarely before the court, because, if it were not so properly set aside, and could not be set aside to her, then it descended to the heirs, and the children would have taken the title, subject to the widow's life estate, under the general provisions in relation to descent. We think the case at bar is governed by the decision in *Wycoff* v. *Snapp,* 72 Or. 234 (143 Pac. 902).

If it were a matter of first impression, we would still be compelled to reach the same conclusion, and to reconcile Section 226 of the Code and Section 1234, by holding that Section 226 was intended to establish the general rule, where there is no widow or children, in which case the property descends as if there were no exemption. But, when there is a widow, Section 1234, being a specific provision, having reference to that particular condition, prevails, and the property may be set aside for the widow and children.

We do not find any provisions of the Codes of any other state which are in all respects exactly like our own. But we think this construction of the statute is more in harmony with the general principles governing the construction of such statutes than any other.

2. The purpose of Section 1234, no doubt, was to protect the widow and children from want and destitution, and from the action of a possibly improvident husband or father, who might otherwise devise all his property away, and leave the widow and children without even a home.

In 1 Woerner on the Law of Administration (2 ed.), Section 94, it is said:

"The obvious intent of homestead laws is no less to secure a home and shelter to the family, when bereft of its father or mother, beyond the reach of financial misfortune, which even the most prudent and sagacious cannot always avoid, than to protect citizens and their families from the miseries and dangers of destitution by protecting the wife and children against the neglect and improvidence of the father and husband. The homestead exemption would be divested of its most essential and characteristic feature, if, upon the death of the head of the family, it should be withdrawn from the widow and children."

At another place in the same work it is said:

"The right of the surviving widow and minor children to the homestead premises, is obviously paramount to that of the deceased husband or father to dispose of them, else it would be in his power to defeat the intent and purpose of these laws. Hence a testamentary disposition of the homestead estate, inconsistent with the rights of the surviving family, is void."

We think a statute intended for so just and beneficial a purpose should be liberally construed in the interest of the widow and children. It follows that any devise by which the husband and father attempts to convey the property to other persons, by will, to take effect after his death, is void as against their claim to have the property set aside to them.

3. It is urged in the careful and able brief on behalf of the appellant, that because Section 1234 of the Code was passed originally in 1862, when there were no homestead exemptions, but only an exemption of personal property, that therefore it did not broaden with the exemption laws but should be construed with reference to the exemption statute as it was in 1862.

We think this contention is without merit.  It is true that where an independent statute adopts the specific provision of some other enactment, an amendment to the adopted statute is not carried into the later one; but it is also true, that where the provision in the later law is general and refers to a general statute, a different rule applies.

This question was carefully considered in *State* v. *Ganong,* 93 Or. 440 (184 Pac. 233), in which the court by a decision, unanimous upon this point, upheld the rule as declared in *Ramish* v. *Hartwell,* 126 Cal. 443 (58 Pac. 920), in which it is said: -

"This rule is subject to a qualified exception in cases of adoption into a special act of the provisions of law then in force by virtue of general laws.  In such cases, subsequent modifications of the general law will be deemed to be within the intent of such adoption, so far as they are consistent with the purposes of the particular act."

Section 1234, in providing for the setting apart of exempt property, evidently intended that the property exempt *at the time of death,* should be set aside; and this is in accordance with the decision in *Wycoff* v. *Snapp,* 72 Or. 234 (143 Pac. 902), already referred to.

We hold, therefore, that the exempt homestead of the deceased husband and father, is properly set aside for the support of the widow and minor children, and that, where there is a widow, the title is vested in her, and it goes to her as a fee-simple estate.

4. There is a question made as to whether the probate court had jurisdiction to set aside this property, in the absence of a specific citation served upon the devisees under the will; but we see no reason why there should be such a citation in the matter of the setting aside of real property, any more than there

95 Or.—44

would be a necessity of a citation to the heirs, if personal property were to be set aside, and we think this has never been the practice.

In relation to this matter, it is said in Woerner on Administration:

"When, for any reason, it becomes necessary to set aside the homestead from the remaining real estate of the decedent, so as to designate the particular parcel or tract to which the homestead right attaches, the proceedings may generally be had in the probate court having control of the administration of the estate. The proceeding is *in rem* and it has been held that all parties interested are bound by it without personal notice."

We think it has never been the practice in such cases in this state to require a citation.

In relation to the matter of the allowance, we are disposed to approve the order of the Circuit Court.

5. It is apparent that the income from the house would be scantily sufficient to support the widow and one child, under present conditions of living, even when helped out by the small rental from the petitioner's own individual property. On the other hand we think $50 per month, with the receipts and income from the house and her own property, will be sufficient to support the petitioner and the one child in about the state to which they are accustomed.

The separate property of the wife, as well as the amount of the estate left by the deceased, are matters to be taken into consideration in fixing the allowance: 1 Woerner on Administration, § 87.

The decree of the Circuit Court is therefore affirmed.

                                             Affirmed.

McBride, C. J., and Bean and Johns, JJ., concur.