Submitted on briefs May 15, affirmed July 10, 1923.

## LAMBERT *v.* GLOVER ET AL.

(216 Pac. 744.)

**Wills—Devisee, Disappointed by Election of Widow, Held not Entitled to Sue Other Devisees for Compensation.**

Where a testator left his personal property and a life estate in all real property to his widow, and divided the remainder in the land between his children, giving to plaintiff twenty acres more than to the other children, and the widow elected to renounce the will and to take the statutory homestead, thirteen and one-half acres of which was on the land devised to plaintiff, a complaint by plaintiff against the other devisees to enforce a right to compensation as a disappointed beneficiary was demurrable as not stating a cause of action, where it did not allege facts showing that testator did not in fact contemplate the acts of the widow and did not make the distribution of the remainder with the expectation that the widow would take the homestead.

From Marion: GEORGE G. BINGHAM, Judge.

In Banc.

AFFIRMED.

For appellants there was a brief over the names of *Messrs. Smith & Shields, Messrs. McNary, McNary & Keyes* and *Mr. E. M. Page.*

For respondents there was a brief over the name of *Mr. W. C. Winslow.*

---

1. Effect of renunciation of will by spouse, see notes in **Ann. Cas.** 1913E, 416; 27 **L. R. A. (N. S.)** 602.

BROWN, J.—Plaintiff filed a bill in equity and averred her right to compensation as a disappointed beneficiary under the provisions of the will of her father, Philip Glover. From an order sustaining a demurrer to her pleadings on the ground that the complaint failed to state facts sufficient to constitute a cause of suit and on the further ground that the court did not have jurisdiction of the subject matter, she appeals.

Philip Glover died testate on July 8, 1917. At the time of his death he was the owner of a Donation Land Claim consisting of 317 acres, of which he attempted to dispose by will. By that will, he bequeathed to his grandchildren, the children of a deceased daughter, $5. To Henry Glover he bequeathed the sum of $100. His Donation Land Claim he devised as follows: To Frank Glover, 39.04 acres; to Arthur Glover, 40.15 acres; to John P. Glover, 39.16 acres; to Amelia G. Conick, 40.20 acres; to George Glover, 100 acres; to Ellen G. Lambert, the plaintiff herein, 60 acres. The foregoing devises provided that each devisee should pay to Henry Glover $100 in cash. To his wife, Delilah Glover, he willed all of his personal property, together with a life estate in the whole of his real property.

His will was probated on July 16, 1917, and as soon thereafter as it was lawful so to do his widow elected to reject the provisions made for her in decedent's will, and on January 26, 1918, the statutory homestead, consisting of twenty acres, was set off to Delilah Glover as her individual property. Thereafter, an account was filed by the executor, showing the proceedings had in the County Court, which recited, among other things, the refusal of the widow to accept the provisions of the will. In his account

the executor set forth the sum of money in his possession, which he represented to be the property of the estate by reason of the widow's rejection, and he prayed for an order of the court directing him to distribute it among the heirs at law of the estate. An order was duly made by the probate court, as requested by the executor.

The complaint in this case shows that all the devisees, upon the election of the widow, went into possession of their devises, and that the moneys renounced by the widow were distributed among the heirs at law, and, in addition to the foregoing facts, it avers, in part:

"That all the devises to the lineal descendants of said Philip Glover by his said will are of the same class, and it was the intent of said testator to make an equal distribution of his estate between said devisees, and a division of his estate as provided in his will would have made an equal distribution of said estate among the said devisees. That each of said devisees received the full share of said estate devised to him, except the plaintiff, * * . That by reason of the election of said Delilah Glover to renounce the life estate so devised to her in the whole of the lands described in said will, each of the defendants herein who were devisees under said will were thereby enabled to come into immediate possession of the land so devised to him or her, and obtained the benefit of the life estate of said Delilah Glover in such tract.

"That in order to carry out the general plan of said testator in the distribution of the assets of said estate equally among the devisees named in said will under the circumstances herein alleged resulting from the election of said Delilah Glover to claim said homestead of twenty acres in fee, it is necessary that plaintiff be compensated for having lost said thirteen and one-half acres of the lands so devised to her, and to obtain such compensation it

will be necessary · that said thirteen and one-half acres be now decreed to be the property of plaintiff, or that the estate devised to, but rejected by, said Delilah Glover be sequestered and the defendants herein be required to make good to plaintiff the value thereof. * * ''

Plaintiff avers that it was the intention of Philip Glover to make an equal distribution of his estate among his legatees. We are not told by the complaint whether the land devised is of equal quality or otherwise; but the complaint does show that the testator devised to plaintiff twenty acres more than he devised to any one of the other devisees excepting her brother George. The lands devised to plaintiff and her brother George included the statutory homestead,—the actual abode of the testator and his wife, and it may be that the testator had in mind at the time he made and executed his will, that the homestead would be selected by his widow from the lands devised to them. But we do not decide this case upon that ground, because we cannot gather from the will of the testator his intent, so far as it applies to his reason for giving to the plaintiff and George Glover, from whose lands the homestead was set off, a greater acreage than he devised to the others.

In the case of *George Glover* v. *John P. Glover et al.,* 215 Pac. 990, a companion case decided by this court June 12, 1923, we held that the court did not commit error in sustaining a like demurrer. For the reasons therein stated, we rule that this case should be affirmed. It is so ordered.

AFFIRMED.